UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS,<br>　　　　Plaintiff,<br>　v.<br>DAISY AVALOS,<br>　　　　Defendant. | Case No. 16-cv-04771-HSG<br>**ORDER OF SERVICE** |

**INTRODUCTION**

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") in Soledad, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His second amended complaint (Dkt. No. 12) is now before the Court for review under 28 U.S.C. § 1915A.

**ANALYSIS**

**A.　Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

During March 2016, Correctional Officer Daisy Avalos twice stopped Plaintiff on his way back from his job assignment and searched his person, both times finding Plaintiff in possession of two personal photos. Dkt. No. 12 at 3. Plaintiff informed CO Avalos that the two photos were religious artifacts which he uses in his daily religious practice. *Id.* at 3 and 12. After the first search, CO Avalos verbally counseled Plaintiff that he was prohibited from taking outside of his cell any type of personal items not pertaining to his job duties. *Id.* at 14. CO Avalos informed Plaintiff that future and similar violations would result in progressive discipline and/or removal from his current job assignment. *Id.* On March 29, 2016, CO Avalos issued Plaintiff a Rules Violation Report ("RVR") with respect to the second search, which had been conducted on March 15, 2016. The RVR charged Plaintiff with disobeying, on March 15, 2016, CO Avalos' order to refrain from bringing personal items outside of his cell that were unrelated to his job duties. *Id.* Prior to and after March 2016, Plaintiff witnessed CO Avalos discover other inmates who were going to and from work assignments in possession of non-work related personal religious items, yet CO Avalos did not prohibit them from possessing these items or issue them RVRs for possessing these items. *Id.* at 4. Plaintiff alleges that CO Avalos was motivated by ill will against Plaintiff because Plaintiff had, in June 2015, successfully filed an unrelated complaint with California's Department of Industrial Relations ("DIR") against SVSP for failing to provide

2

inmates with appropriate footwear while working their assigned jobs. *Id.* at 4 and 19–20. Plaintiff alleges that CO Avalos' RVR violated his right to equal protection.

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). Liberally construed, Plaintiff's second amended complaint states a cognizable "class of one" equal protection claim. *Gerhart v. Lake County Montana*, 637 F.3d 1013, 1020 (9th Cir. 2011) (plaintiff may establish equal protection "class of one" claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose).

Plaintiff's allegation that CO Avalos issued him an RVR in retaliation for his filing a successful complaint with the California DIR may also state a claim for retaliation in violation of the First Amendment. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). However, Plaintiff's allegations that CO Avalos bore him ill will because of his DIR complaint, and issued an RVR in retaliation are conclusory and vague. But the Court cannot say at this stage that no set of facts could be alleged to cure the deficiencies in this First Amendment retaliation claim against CO Avalos. Accordingly, this claim is DISMISSED with leave to amend to correct the identified deficiencies if Plaintiff can truthfully do so. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996) ("A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief.")

**CONCLUSION**

1. Plaintiff has stated a cognizable equal protection claim against Correctional Officer Daisy Avalos. Plaintiff's First Amendment retaliation claim against CO Avalos is DISMISSED with leave to amend. If Plaintiff wishes to amend his First Amendment retaliation claim against CO Avalos, he shall file a third amended complaint within **twenty-eight (28) days** of the date of this order. The third amended complaint must include the caption and civil case number used in

3

1 this order, Case No. C 16-04771 HSG (PR) and the words "THIRD AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his third amended complaint all the claims he wishes to present, including the equal protection claim found cognizable in this order, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. If Plaintiff fails to file a third amended complaint in accordance with this order in the time provided, the second amended complaint will remain the operative complaint.

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint with all attachments thereto (Dkt. No. 12), and a copy of this order upon defendant **Correctional Officer Daisy Avalos** at **Salinas Valley State Prison**.

A courtesy copy of the complaint with attachments and this order shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case, the Court orders as follows:

a. No later than **91 days** from the date this Order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion, or a motion to stay as indicated above. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the

4

motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.      Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

    4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland,* 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative

5

remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 5/30/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge