UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS,<br><br>Plaintiff,<br><br>v.<br><br>DAISY AVALOS,<br><br>Defendant. | Case No. 16-cv-04771-HSG<br><br>**ORDER SCREENING THIRD AMENDED COMPLAINT** |

# INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") in Soledad, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His third amended complaint (Dkt. No. 15) is now before the Court for review under 28 U.S.C. § 1915A.

# ANALYSIS

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Third Amended Complaint**

One week prior to March 15, 2016, as Plaintiff was returning from his job assignment, named defendant Correctional Officer Daisy Avalos searched Plaintiff and found Plaintiff in possession of two personal photos. Dkt. No. 15 at 3. Plaintiff informed CO Avalos that these two photos were religious artifacts which he uses in his daily religious practice. *Id.* at 3. On March 15, 2016, Officer Avalos again searched Plaintiff as he was entering Exercise Yard #1, and again found the same two photos. *Id.* at 3. Office Avalos demanded that Plaintiff refrain from taking personal items out of his cell. *Id.* at 3–4. Prior to and after March 2016, Plaintiff witnessed CO Avalos find other inmates in possession of personal religious items that were not work-related, yet CO Avalos did not demand that these other inmates leave these personal religious items in their cells. *Id.* at 4. On March 29, 2016, Officer Avalos issued Plaintiff an RVR for taking his personal items out of his cell and reiterated her demand that Plaintiff leave his personal items in his cell. Dkt. No. 15 at 4. She warned him that he would face "imminent, progressive disciplinary action" if he did not comply. *Id.* Plaintiff alleges that Officer Avalos issued this RVR in retaliation for him filing an unrelated, successful complaint with Cal OSHA. *Id.*

Plaintiff alleges that the issuance of the RVR was retaliatory in violation of the First Amendment, and that the RVR violated Plaintiff's rights under the Equal Protection Clause; Plaintiff's right to free exercise of religion; and Plaintiff's right to petition the government for

2

redress of grievances. *Id.*

C. **Legal Claims**

   1. **First Amendment Retaliation Claim**

Plaintiff alleges that CO Avalos issued him an RVR in retaliation for his filing a successful complaint with the California DIR may also state a claim for retaliation in violation of the First Amendment. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted).

In screening the second amended complaint, the Court dismissed this claim with leave to amend because Plaintiff's allegations that CO Avalos bore him ill will because of his Cal OSHA complaint, and that CO Avalos issued an RVR in retaliation for the Cal OSHA complaint were conclusory and vague. Dkt. No. 13 at 3. However, Plaintiff has failed to correct the deficiency identified. The third amended complaint repeats the same allegations verbatim — that the RVR was motivated by ill will resulting from the Cal OSHA complaint — and adds the allegation that the RVR chilled Plaintiff's exercise of his First Amendment rights. These allegations are simply a "formulaic recitation of the elements of a cause of action [which does not satisfy the Rule 8 pleading standard]." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Plaintiff's allegations regarding Officer Avalos' motivation for issuing the RVR are conclusory and vague. There are no facts alleged from which it may be reasonably inferred that Officer Avalos knew of the Cal OSHA complaint, or that Officer Avalos was motivated by the Cal OSHA complaint. But the Court cannot say at this stage that no set of facts could be alleged to cure the deficiency in this First Amendment retaliation claim against Officer Avalos. Accordingly, the Court will grant Plaintiff another opportunity to plead this claim and DISMISS this claim with leave to amend to correct the identified deficiencies if Plaintiff can truthfully do so. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996) ("A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of

3

facts that would entitle her to relief."). If Plaintiff choses to re-plead this First Amendment retaliation claim, he should proffer enough factual allegations to plausibly state that Officer Avalos issued the RVR because of Plaintiff's Cal OSHA complaint (second element of a First Amendment retaliation claim).

**2.   Equal Protection Claim**

"The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). Liberally construed, Plaintiff's third amended complaint states a cognizable "class of one" equal protection claim. *Gerhart v. Lake County Montana*, 637 F.3d 1013, 1020 (9th Cir. 2011) (plaintiff may establish equal protection "class of one" claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose).

**3.   First Amendment Free Exercise Claim**

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883–84 (9th Cir. 2008). Liberally construed, Plaintiff has stated a cognizable First Amendment claim against Officer Avalos for violating his right to free exercise of religion.

**4.   First Amendment Right to Petition the Government for Redress of Grievances**

Prisoners retain protections afforded by the First Amendment, including the right to petition the government for the redress of grievances. *Turner v. Safley*, 482 U.S. 78, 84 (1987). However, there is no allegation that Officer Avalos prevented Plaintiff from petitioning the government for redress of grievances. The only grievance mentioned in the complaint is the Cal OSHA complaint, which Plaintiff indicates was successful and states is unrelated to Officer Avalos. But the Court cannot say at this stage that no set of facts could be alleged to cure the deficiency in this First Amendment right to petition claim. Accordingly, this claim is DISMISSED with leave to amend to correct the identified deficiencies if Plaintiff can truthfully do so. If Plaintiff choses to re-plead this First Amendment right to petition claim, he should proffer enough factual allegations to plausibly state that Officer Avalos violated his right to petition the

4

government for redress of grievances.

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's complaint states a cognizable First Amendment claim for violation of his right to free exercise of religion, and a cognizable Equal Protection claim. The Court DISMISSES the First Amendment retaliation and right to petition claims with leave to amend.

2. If Plaintiff chooses to file an amended complaint, he must file the amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 16-04771 HSG (PR) and the words "FOURTH AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claims which the Court has already found cognizable, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference. Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.

Failure to file an amended complaint in accordance with this order in the time provided will result the third amended complaint remaining the operative complaint, and this action proceeding in accordance with this order. The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff.

3. The Court has already directed the Clerk to issue summons and the United States Marshal to serve Correctional Officer Daisy Avalos. The Court now directs the Clerk to mail a courtesy copy of the third amended complaint and this order to the California Attorney General's Office.

4. The Court resets the briefing schedule as follows.

No later than **91 days** from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this

case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than **28 days** from the date the motion is filed. Defendant **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

5. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

6. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: June 23, 2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS,<br><br>Plaintiff,<br><br>v.<br><br>DAISY AVALOS,<br><br>Defendant. | Case No. 16-cv-04771-HSG<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 23, 2017, I SERVED a true and correct copy(ies) of the attached and **two copies of a blank complaint form**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Alexander Rials ID: AH-0847
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: June 23, 2017

                                        Susan Y. Soong
                                        Clerk, United States District Court

                                        By:_____
                                        Nikki D. Riley, Deputy Clerk to the
                                        Honorable HAYWOOD S. GILLIAM, JR.